# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| JEFFREY ELLIOTT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. _____ |
| v. | ) |
| | ) |
| JACOBS ENGINEERING GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant, Jacobs Engineering Group, Inc., with a full reservation of rights,[1] hereby gives notice of the removal of the above-entitled action from the Roane County Circuit Court, State of Tennessee, to the United States District Court for the Eastern District of Tennessee, Knoxville Division, pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1442(a)(1). In support of its removal, Jacobs respectfully states as follows:

1.  On November 4, 2019, Plaintiffs filed a lawsuit styled *Jeffrey Elliott, et al. v. Jacobs Engineering Group, Inc., et al.*, Case No. 2019-CV-177 in the Circuit Court for Roane County, Tennessee (Complaint). Jacobs was served with a Civil Summons and the Complaint on November 6, 2019, via process server. True and correct copies of all process and pleadings served by Plaintiffs upon Jacobs on November 6, 2019, are attached hereto as **Exhibit 1**.

---

[1] In removing this action, Jacobs does not waive any defenses, objections, or motions available under state or federal law.

2. This Notice of Removal is filed within thirty (30) days of Jacobs' receipt of a copy of the Civil Summons and Complaint, pursuant to 28 U.S.C. § 1446(b), and therefore this Notice of Removal is timely under the provisions of 28 U.S.C. § 1446(b).

3. Contemporaneously with or promptly after filing this Notice of Removal, Jacobs has filed written notice of this Removal with the Clerk of the Circuit Court for Roane County, Tennessee and served the same on all parties pursuant to 28 U.S.C. § 1446(d). A true and accurate copy of the Notice Filing of Notice of Removal filed with the Circuit Court for Roane County is attached hereto as **Exhibit 2**.

4. Plaintiffs allege that they are all residents of the State of Tennessee. *See* Compl. ¶¶ 3-17. Plaintiffs allege that Jacobs is a foreign corporation with a principal place of business in Pasadena, California. *Id.* ¶ 18. The Filing Information Form from the Tennessee Secretary of State's Office (attached hereto as **Exhibit 3**), which can be found at https://tnbear.tn.gov/Ecommerce/FilingDetail.aspx?CN=04424920009805912903105702118320 0124153115224235, provides that Jacobs is a Delaware corporation with a principal place of business in Dallas, Texas.

5. Plaintiffs' claims against Jacobs relate to an ash spill that occurred on December 22, 2008, at the Kingston Fossil Plant in Harriman, Roane County, Tennessee (the KIF Plant)—which is owned, operated, and managed by the Tennessee Valley Authority. *See Chesney v. Tenn. Valley Auth.*, 782 F. Supp. 2d 570, 572 (E.D. Tenn. 2011). In their Complaint, Plaintiffs seek damages for personal injuries and illnesses they have allegedly sustained as a result of exposure to allegedly "toxic" and "hazardous" substances associated with the post-spill cleanup, removal and recovery of fly ash at the KIF Plant. *See* Compl. ¶¶ 1, 169, 178, 188. Plaintiffs allege that they

2

were "independent contractors" who performed fly ash remediation at the KIF ash-spill site.[2]  *Id.*
¶¶ 21-22.

6.     Plaintiffs allege that Jacobs entered into a contract with TVA, whereby Jacobs was "to provide a safe environment for all workers," including Plaintiffs working at the cleanup site. *Id.* ¶ 22.  Plaintiffs contend that Jacobs acted "outside the scope of direction and authority conferred by TVA and contrary to its adopted Site Wide Safety and Health Plan (SWSHP)." *Id.*  Plaintiffs allege several causes of action against Jacobs, including negligence, negligent misrepresentation, and fraudulent/intentional misrepresentation.  *See generally* Compl.

7.     This Court has jurisdiction over this civil action under 28 U.S.C. § 1332, which provides for jurisdiction based upon diversity of citizenship.  *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . .").  Section § 1446(c)(2) provides that "[i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . ." *Id.* § 1446(c)(2).

8.     There is complete diversity between the parties, and the amount in controversy exceeds $75,000.  Plaintiffs allege that they are residents of the State of Tennessee and that Jacobs is a foreign corporation with a principal place of business in Pasadena, California.  *See* Compl. ¶¶ 3-18.  That Jacobs is headquartered in Texas does not alter the fact that these parties are diverse.  *See also* Ex. 3 (confirming that Jacobs is a Delaware corporation with its principal place of business in Texas).  Additionally, Plaintiffs collectively seek at least $1,125,000 in compensatory damages, plus punitive damages.  *See* Compl. ¶ 194; 28 U.S.C. § 1446(c)(2).

---

[2]   Plaintiffs do not allege the dates that they worked on the site.

3

Therefore, the requirements of 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1446 are satisfied, and removal based upon diversity of citizenship is proper.

9. This Court separately has subject matter jurisdiction over this civil action under 28 U.S.C. § 1442(a)(1), the federal officer removal statute. Removal under 28 U.S.C. § 1442(a)(1) is proper where a defendant who is not a federal officer or federal agency satisfies three elements. First, "it is a 'person' within the meaning of the statute who 'acted under a federal officer.'" *Bennett v. MIS Corp.*, 607 F.3d 1076, 1085 (6th Cir. 2010) (citing and quoting 28 U.S.C. § 1442(a)(1)). Second, "it performed the actions for which it is being sued 'under color of federal office.'" *Id.* Third, "it raised a colorable federal defense." *Bennett*, 607 F.3d at 1085 (citing *Jefferson Cty. v. Acker*, 527 U.S. 423, 431 (1999) (internal citation omitted)); *see also Mesa v. California*, 489 U.S. 121, 139 (1989); *Mays v. City of Flint*, 871 F.3d 437, 442–43 (6th Cir. 2017). Jacobs satisfies each of the requirements set forth in *Bennett* for federal officer removal.

10. First, Jacobs is a "person" who "acted under a federal officer." As a matter of law, a corporation constitutes a "person" for the purposes of federal officer removal under 28 U.S.C. § 1442. *See* 1 U.S.C. § 1; *see also Bennett*, 607 F.3d at 1085 (corporations are persons within the meaning of federal officer removal statute). And Jacobs "acted under" the direction of federal officers and/or agencies in performing its contractual obligations. Specifically, Jacobs "acted under" the authority of, and at the direction of, both the United States Environmental Protection Agency and TVA. *See Mays v. Tenn. Valley Auth.*, 699 F. Supp. 2d 991, 998 (E.D. Tenn. 2010). EPA and TVA are both federal agencies, and their employees are federal officers. *See, e.g.*, 16 U.S.C. § 831, *et seq.*; *Hill v. U.S. Dep't of Labor*, 65 F.3d 1331, 1333 (6th Cir. 1995); *Hendricks v. Governor's Taskforce for Marijuana Eradication*, 2007 WL 3396480, at *4 (E.D. Tenn. Nov. 14, 2007). According to its February 2009 contract with TVA, Jacobs was hired "to assist TVA

4

in overall recovery and remediation associated with this incident." Both that contract and the site wide safety and health plan, which was prepared with TVA and the EPA, provide broad directives on the company's role and responsibilities, which Jacobs adhered to.

11. Second, it is apparent from the Complaint that Jacobs "is being sued because of the acts it performed at the direction of the federal officer." *See Bennett*, 607 F.3d at 1088 (citing *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 148 (2007)). All of Plaintiffs' claims arise out of the Plaintiffs' and Jacobs' participation in the cleanup. And at all times relevant to this case, Jacobs' role in that cleanup was to assist TVA with the management of the project based on the authority granted to TVA by the EPA. As such, Jacobs acted under the direction of a federal officer at all times.

12. Third, Jacobs hereby alleges colorable federal defenses to Plaintiffs' claims. First, Jacobs states that it is entitled to derivative sovereign immunity under *Yearsley v. W. A. Ross Construction Co.*, 309 U.S. 18 (1940). Second, Jacobs avers that it is entitled to federal contractor immunity, as set forth in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). Third, as a government contractor, Jacobs avers that it is entitled to the protections set forth in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988). Finally, Jacobs alleges that is entitled to derivative sovereign immunity under the standards described in *Thacker et ux. v. Tennessee Valley Authority*, Case No. 17-1201 (U.S. S. Ct., Apr. 29, 2019).

13. At this stage in the proceedings, Jacobs need not show that any of these defenses will prevail; it must only show that one of the defenses is *plausible*. *See Mesa*, 489 U.S. at 129; *Willingham v. Morgan*, 395 U.S. 402, 409 (1969) (a defendant need only "put in issue the questions" in order to allow "the validity of [his] defenses [to] be determined in the federal courts"). The defenses Jacobs asserts easily qualify as "colorable" under these standards. Both

5

the Sixth Circuit Court of Appeals and this Court have already issued opinions that strongly suggest Jacobs' *Yearsley* immunity defense would be viable in this case. *See Adkisson v. Jacobs Engineering Group, Inc.*, 790 F.3d 641, 648 (6th Cir. 2015); 2/15/17 Mem. and Order, *Adkisson et al. v. Jacobs Engineering Grp., Inc.*, Case No. 3:13-CV-505, Doc. 137 at 29–36 (hereinafter, "*Adkisson* Order," attached hereto as **Exhibit 4**). And this Court has also already found, under the same facts and circumstances, that there are questions of material fact as to whether Jacobs would be entitled to federal contractor immunity under *Campbell-Ewald*. *See* Ex. 4, *Adkisson* Order, at 36–38.[3] Jacobs' derivative sovereign immunity defense under *Thacker* qualifies as colorable and plausible for the same reasons.

WHEREFORE, Jacobs respectfully requests that the above-described action pending in the Circuit Court for Roane County, Tennessee be removed therefrom to this Court.

Respectfully submitted,

**PAINE, TARWATER, & BICKERS, LLP**

Dated: December 5, 2019

/s/ Dwight E. Tarwater
Dwight E. Tarwater (BPR #007244)
det@painetarwater.com
Catherine W. Anglin (BPR #028120)
cwa@painetarwater.com
Knoxville, Tennessee 37902-1821
Telephone: (865) 525-0880
Facsimile: (865) 521-7441

**GIBSON, DUNN & CRUTCHER LLP**
Theane Evangelis (*pro hac vice* to be submitted)
tevangelis@gibsondunn.com
Jeremy S. Smith (*pro hac vice* to be submitted)
jssmith@gibsondunn.com

---

[3] This Court has previously suggested that the government contractor defense may only apply to military procurement contracts. *See Chesney*, 782 F. Supp. 2d at 582. At least for purposes of federal officer removal, however, the government contractor defense is a plausible defense even though this case involves non-military contracts. *See Bennett*, 607 F.3d at 1089–90.

333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

*Attorneys for Defendant
Jacobs Engineering Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of December, 2019, I have electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties and counsel of record by operation of the Court's CM/ECF system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                                            /s/ Dwight E. Tarwater